HIRAM FORBES ET AL. v. W. McHAFFIE.

[FILED SEPTEMBER 15, 1891.]

1. **Plea to Jurisdiction:** MUST BE SPECIFIC. When a party files a motion objecting to the jurisdiction of the court over his person, he must specifically state in his motion the grounds of objection.

2. ———: ———. A motion objecting to the jurisdiction of the court over the person of the defendant on the grounds: "First, that no service of summons has been made upon the defendant as required by law; second, that no return of summons has been made as required by law," is too general to be considered.

ERROR to the district court for Thurston county. Tried below before POWERS, J.

*Abbott & Curry,* for plaintiffs in error.

*J. H. Roberson,* contra.

No briefs filed.

NORVAL, J.

This suit was commenced in the county court by the defendant in error against the plaintiffs in error. On the return day of the summons Eugene Waldvogle, one of the defendants, filed a motion to dismiss the action on the following grounds: First, that no service of summons has been made upon the defendant as required by law; second, that no return of summons has been made as required by law. The motion was overruled, and judgment rendered against both defendants, who prosecuted a petition in error to the district court, where the judgment of the county court was affirmed.

A special deputy was appointed by the sheriff to serve the summons. The person deputed to serve the writ made

return of service upon Waldvogle, and that Forbes was not found.  The return was not sworn to.

Complaint is made that the appointment of a special deputy was not dated.  This objection is overruled for the reason stated in *Forbes et al. v. Bringe, post,* p. **757.**

Another point relied on by Waldvogle for a reversal of the judgment is that the return of service was not made under oath.  No special objection is made in the motion filed in the county court on that ground, and the grounds of the motion are too general to cover such a technical defect.  When a party files a motion objecting to the jurisdiction of the court over his person, he should specifically point out in his motion the defects relied upon.  The return of the summons was sufficient, although not made under oath, when no objection is made thereto.  There was therefore no error in overruling the motion to dismiss, and rendering judgment by the county court against Waldvogle.

There was no service upon Forbes, nor did he appear in the county court, and it was error to render judgment against him.

The judgment of the district court is affirmed as to Waldvogle, and as to Forbes the judgments of the county and district courts are reversed, and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.